THOMAS MAXWELL v. WILLIAM H. KELLOGG.

*Action on contract—Evidence—Immateriality.*

1. Suit was brought on a contract to furnish certain kinds of fruit trees, the breach being that the trees were found, at maturity, not to be of the kinds bargained for. The defense was that defendant obtained the trees as the purchaser's agent. *Held*, that evidence of the difficulty of identifying varieties of trees was wholly incompetent under either theory, as it neither excused non-performance of the contract nor bore on the question of agency.

2. Inmateriality is an objection that concerns pleading rather than evi-
dence, but when it was plain that the judge did not misunderstand
the objection and knew it went to the relevancy of the testimony,
the form of the objection was not allowed to invalidate it.

Error to Van Buren. (Mills, J.) Jan. 7.—Jan. 14.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Lester A. Tabor* for appellant. Extrinsic understandings
and usage cannot be relied on to vary the terms of a con-
tract: *Greenstine v. Borchard* 50 Mich. 434; *Collender v.
Dinsmore* 55 N. Y. 200; *Bradley v. Wheeler* 44 N. Y. 496;
*Barnard v. Kellogg* 10 Wall. 383.

*Henry F. Severens* for appellee.

CHAMPLIN, J. Maxwell sued Kellogg before a justice of
the peace, and recovered a judgment for eighteen dollars.
The declaration was oral, and as taken down by the justice
was as follows: " The plaintiff declared verbally in assumpsit
on special contract made between the parties, by which the
defendant, in consideration of the price agreed upon between
them, received, sold and delivered to the plaintiff ten peach
trees, which peach trees the defendant contracted and agreed
with the plaintiff should and were to be of five Hale's Early
and five Early Crawfords. The plaintiff paid to the defend-
ant the consideration of said trees, relying upon said repre-
sentation of said defendant that said peach trees were five of
Hale's Early and five of Early Crawfords. Said plaintiff
took said trees and set them out and cultivated the same for
over three years, but said trees were not as represented, but
were and are seedlings, a natural fruit, to plaintiff's damage
three hundred dollars." Defendant appealed to the circuit,
where the cause was tried before a jury, who found a
verdict for defendant. Plaintiff brings the case here and
assigns error upon the rulings of the circuit judge in the
admission of testimony and in the instruction he gave to the
jury.

On the trial the plaintiff gave evidence tending to establish
the cause of action set forth in his declaration. As matter

of defense the defendant claimed that he did not sell the trees in question to plaintiff, but at his request, and acting for him, he obtained the trees from a nursery-man by the name of Glidden, who delivered them to him as being of the varieties named, and that he paid him ten cents each therefor, and delivered them to the plaintiff for the same price. There was considerable conflict in the testimony, not only as to the contract made between the parties, but as to what occurred at the time it was entered into; plaintiff claiming that defendant said he had the trees in his own nursery, from which he would supply plaintiff and be responsible that they should be of the varieties known as "Hale's Early" and "Early Crawfords;" and defendant claiming that he told plaintiff that he had no peach trees in stock, but could get him some from other sources. It was shown conclusively that the trees were not of the varieties named or required by plaintiff, but were seedlings, and bore peaches of an inferior quality. Plaintiff also showed that he had taken good care of and cultivated the trees for four years, and introduced evidence to show the difference in value of the trees as they were and of what their value would have been if they were "Hale's Early" and "Early Crawfords." It was shown that the trees, when delivered by defendant to plaintiff, were in two bundles, upon one of which was attached a tag marked "Hale's Early," and upon the other a tag marked "Early Crawfords."

The principal ground of error assigned and relied upon before us relates to the admission of testimony for the purpose of showing that there is an uncertainty or difficulty recognized among fruit-tree growers in getting trees true to name. Several of the witnesses were asked by the counsel for the defense the following question: "Is there any difficulty in the second man—that is, the man who purchases from the original party who does the budding—is there any difficulty in his telling what the variety is which he gets by inspection? State fully." And also the following question: "Is there any uncertainty or difficulty recognized among fruit-growers in getting trees true to name?"

- The questions were objected to as being wholly immaterial; but the court held that such testimony was competent and proper, and admitted the testimony. This ruling was erroneous. The testimony was wholly irrelevant to the issue. If, as the plaintiff claimed, there was an express contract to deliver peach trees of the varieties denominated Hale's Early and Early Crawfords, the difficulties in the way of performing were of no importance in arriving at the questions whether such contract had been made, and if made, whether it had been performed. Neither was such testimony relevant to sustain the theory advanced by the defendant. It had no tendency to establish the agency of defendant, or to show that he was procuring the trees for plaintiff's accommodation and at his request. Its drift was to draw the minds of the jury from the real question in issue as presented by the pleadings; and if it had any office to perform, it was to lead the jury to conclude that if the contract was as alleged by plaintiff, still, on account of the difficulty in ascertaining trees true to name, the defendant was excused from performance. There was considerable of this kind of testimony admitted into the case against plaintiff's objection. It was clearly inadmissible, and should have been excluded. Defendant's counsel, however, insists that the reason stated in the objections to the admission of the testimony are not known to the law; that an objection to the admission of tes. timony on the ground that it is immaterial, is stating no ground for the objection, and therefore the assignments of error based thereon ought not to be sustained. There is no doubt that the objection of immateriality is more properly an objection to pleading than to evidence, but we think it quite clear that the learned judge was not misled by the improper use of the term, and that he understood the objection to be aimed at the relevancy of the proposed testimony, and we are disposed so to regard it. Without passing upon the other errors assigned, we think, for the error above mentioned, the judgment must be

Reversed and a new trial granted.

The other Justices concurred.